Rizvi v. Allstate, Mr. Salem. May it please the Court, Counsel. My name is Maurice James Salem. I represent the appellant in this case, the appellants. Your Honors, the appellants in this case are a repair company that repaired a fire damage to a house insured by Allstate. The decision that you need to make is that whether a supplemental proceeding to enforce a judgment against the house owner can be dismissed by a simple statement from Allstate, which is that the judgment debtor has no claim and that Allstate owes no payments to the judgment debtor, that's the owner of the house. On the basis of these simple statements, Your Honors, whether you consider it an affidavit or not, can the supplemental proceeding be dismissed? And what happened in this case is that the supplemental proceeding was dismissed, the district court said you need to proceed pursuant to section 1402 C6, which requires that the judgment creditor bring an action against Allstate. However, Your Honors, when Allstate made that statement, a simple statement saying we owe no money, they made it in the face of repair contracts, invoices, public records, insurance policies, and even, Your Honor, a partial payment that was made by Allstate towards the repair of the house. Now, by Allstate making a partial payment, and mind you they didn't dispute the partial payment, therefore they're not contesting the claim. In other words, if you were to sue them and bring the cause of action of breach of contract, there is no breach of contract. They're saying, well, we made partial payments. The issue in the supplemental proceeding to enforce the judgment is whether or not Allstate is holding proceeds of money that belongs to the judgment debtor. And, Your Honors, if you look at paragraph 17. Both Allstate and the judgment debtor are saying no, right? And the district judge, therefore, relied on Travelers Insurance v. Good to find that this is, in essence, a distinct dispute that needs its own jurisdictional basis. And I didn't see anywhere in your brief where you actually engaged with that issue under Travelers v. Good. Your Honor, I did engage with Travelers in a memorandum, and I believe that's an irrelevant case at this point. And the reason is this. Travelers dealt with where the judgment creditor had to bring a lawsuit, a cause of action, because the insurance company is saying, no, we don't owe, we don't have a claim. And in that case, the judgment creditor can become a plaintiff. The judgment creditor has a cause of action, a breach of contract. In this case, there can be no breach of contract, simply because Allstate made a response saying, well, we owe no more money. Are you saying you couldn't have sued Allstate? Well, the thing is, you could sue for anything, but my contention is that the supplemental proceeding to enforce the judgment under C-3, the basis of it, it says to compel a person holding assets that belongs to the judgment debtor. What I'm saying is that Allstate is not contesting that there is a claim, unlike Travelers, where there was a dispute of whether or not there was a claim, in other words, a cause of action. To sue Allstate and say Allstate breached the contract makes no sense, simply because they conceded that they made partial payments on the fire damage. By conceding that they made partial payments on the fire damage means that they are liable, they accepted liability. The only issue is, was that a full payment or not? And by Allstate simply stepping in and saying, oh, well, we made all the payments, that's it, in one simple statement, then the supplementary proceeding was dismissed. You cannot let the insurance companies do that. Why don't you sue Allstate in state court? Well, we are, and I have an attorney who's doing that. So why are you here? Well, Your Honor, because— You've got the district judge saying no jurisdiction. You haven't given us any response to Travelers, which says no jurisdiction. I'm here, Your Honor, because it's a wrong decision. It gives the insurance companies too much power. This is a precedent. You want to set the precedent where the insurance company can simply come and say, no, we don't owe anything, and that's it? They don't have to produce a claims file or anything? Counsel, that is not what the district judge decided, nor is it what an affirmance would mean here. The issue is whether you've got an independent federal jurisdictional ground for your dispute with Allstate. Travelers seems to me, frankly, to be on point and says no, and so you would have a remedy in state court. Well, Your Honor, as I said, Travelers, in that case, there was a cause of action. In this case, there is no cause of action. In this case, Your Honor, the supplemental proceeding, this is exactly what the purpose of it is for, to deter, to compel Allstate to produce the insurance proceeds and to determine whether there's insurance proceeds. If the Allstate came to the district court and said, here's the claims file, here's the claim, here's what we paid in answer to the motion for turnover order, and then there would be no dispute. Case would be closed, but Travelers does not apply. With all due respect, Your Honor, I ask you to look carefully between the two parties. Well, is Allocan still a party? Allocan is the owner of the house. Is it still a party to this litigation? In this litigation... Is this yes or no? Is it a party to this litigation? It's a difficult question to ask because... I'm asking you. No, it's not. You don't know who's the party to the lawsuit? I do, Your Honor. Well, is it a party or not? In the supplemental proceeding, no, Your Honor. He's not contesting. He's out. There's a judgment against him. He's a judgment debtor, and now he steps aside. He's not contesting. He's not on Allstate's side. He simply took a default and said, go deal with Allstate. So your only fight is with Allstate. Exactly, and Your Honor... So, sue Allstate. Well, then what's the purpose for the Federal Rule Procedure 69 and also the proceeding under C-3 to enforce judgments, Your Honor? I really strongly urge this court to look at this case carefully and not give so much power to the insurance companies to simply say, we owe no money and then dismiss. What do you mean enforce a judgment? You're not enforcing a judgment against Allocan. We're enforcing a judgment against the party that's holding proceeds that belong to Allocan. Yeah, you have a quarrel with Allstate. Allocan is out of it. That was your original suit. You sued Allocan. That suit is over, right? That is over. It's over. Now you have another suit against another party. No, Your Honor. With all due respect, we don't have another suit because there's no breach of contract. No, you're wrong. They're not contesting a breach of contract. I respectfully disagree, Your Honor. I see my time is up. Thank you. Okay. Mr. Schoonmaker. Good morning, Your Honors. May it please the Court, let me just open by saying the point that's been made here clearly is the fact that another action has now been filed in state court by prime builders against Allstate, Allstate's defending that action. It's kind of a quasi-collection proceeding. There are some contract elements to it, but it is being defended, so that's kind of the point here in terms of the jurisdictional issue that's before the Court here, which is really the prime issue before the Court here. There was an original underlying case. There's been two prior actions against Allstate here in this district as well, both of which have been dismissed. Now there's a state court action against Allstate again, which we're defending at this time. Rule 69 specifically is the enforcement or collateral proceeding enforcement provision in the FRCP, but it specifically says in the absence of a federal law, state law prevails, and that's why we're talking about Section 1402, which is the collection slash garnishment statute under Illinois law. There's really two options under 1402. There's C-3, in which the judgment creditor can pursue a collateral asset like a bank or a bank where the judgment debtor has an account. And that's where the custodian, in essence, admits. Yeah. Yes, that's under C-3, correct. Or a trustee, whatever the case is. Right. The original citation that was filed in this action against Allstate did not specify whether it was being brought under C-3 or C-6. Judge Durkan ordered Allstate to respond to the citation to discover assets, which we did in actually affidavit form with a 1746 attestation at the end of it, which Allstate specifically said we're not holding any bank accounts, we don't have any funds, Mr. Allikin does not have any accounts with us, and he made one claim to us in 2008, which was paid and closed, and there are no more funds due and owing under that one claim that was made. Judge Durkan accepted that response to the citation to discover assets and then looked at C-6, which was the only other option here, which does allow an independent adversarial action to be pursued. And just so we're clear, in essence, I understand your position to be if we say no, we, the insurance company, say no, we have no assets, that doesn't mean that that's correct or that's conclusive. It just shifts you from C-3 to C-6 where you need an independent jurisdictional basis. Absolutely correct, Judge. There are other collateral issues that can be brought in that C-6 adversarial action, such as did, in fact, Allstate 100% satisfy the claim? Are there any remaining policy proceeds that are potentially available arising from that claim? Does Allstate have any policy defenses to liability and or damages that were asserted in the four corners of that claim? That's why this is a completely independent action that's been brought now by the plaintiff in this case, which takes us into travelers and into the whole concept of subject matter jurisdiction. Since it clearly is an independent action with distinct issues separate and apart from those in the underlying case, which is really a breach of contract case arising from a construction contract, to which Allstate was not a party, that's why we get into the travelers issue and the issue of subject matter jurisdiction. And once we start looking at subject matter jurisdiction as Judge Durkin did, there is no diversity and, therefore, there is no subject matter jurisdiction. So from that standpoint, it's relatively straightforward, Your Honors. Okay, thank you very much, Mr. Schoonmaker. Mr. Salem, would you like another minute? Thank you, Your Honors. Your Honors, this case is not about money. This case is about insurance companies that are really taking advantage of people and not paying claims. So the insurance companies. Well, Your Honor, it's difficult to bring a whole lawsuit rather than a judgment enforcement. By now, you're up to four lawsuits, right? Well, Your Honors, those initial two lawsuits, Your Honors, were trying to bring in Allstate on their privity of contract and other basis. So it's not. Four lawsuits against Allstate in this overall controversy. Three lawsuits, Your Honor, three lawsuits. And as I said, insurance companies now are notorious in not paying claims and enforcing a judgment is something that you should look into. And I strongly urge you to reconsider your thoughts, Judge. Thank you. Okay. Well, thank you very much to both counsel.